

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 20, 2019

By ECF
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

The United States' request that the document currently docketed at Docs. 7-5 at 71-72 and 7-6 at 1-2, be filed under seal is Granted. Please file the originals with the Sealed Records Department.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK 1/6/2020
UNITED STATES DISTRICT JUDGE

Re:  *Birgrin v. United States of America*, et al., 19 Civ. 9681 (VSB)

Dear Judge Broderick:

      This Office represents the United States of America[1] in the above-referenced matter. Plaintiff Ronald A. Bergrin brings this action alleging far-reaching high-level misconduct perpetrated against him by members of the Judiciary, United States Department of Justice, and Bureau of Prisons.  *See* Dkt. No. 7 at 8.  The United States respectfully requests that the Court seal certain sensitive information immaterial to this matter which Plaintiff has filed publicly on the docket at Dkt Nos. 7-5 at 71–72 and 7-6 at 1–2.

      Plaintiff has attached a portion of the Presentence Investigative Report ("PSR") of an individual unrelated to this matter to his Amended Complaint.  That PSR is currently under seal in the District Court for the Northern District of Ohio and contains sensitive personal information.  "Presentence reports are not considered public records, but instead are generally viewed as confidential court documents."  *United States v. Watkins*, 623 F. Supp. 2d 514, 516 (S.D.N.Y. 2009).  Rather than being subject to a presumption of public access, "disclosure of presentence reports to third-parties is permitted only upon a showing that there is 'a compelling need for disclosure to meet the ends of justice.'"  *Id.* (quoting *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1171 (2d Cir. 1983)).  This Court should order the relevant exhibits sealed because the "privacy interests of innocent third parties . . . should weigh heavily" in the decision whether to seal records.  *Gardner v. Newsday Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990).

      In the alternative, the Court should require Plaintiff to redact the personal information of the individual the PSR concerns.  Federal Rule of Civil Procedure 5.2 provides that certain personal identifiers, such as social security numbers and birth dates, must be redacted before a document if publicly filed.  Plaintiff violated Rule 5.2 when he publicly filed an individual's PSR without redacting her personal information.  As such, if the Court does not seal the PSR in its entirety, it should seal the docketed exhibits until Plaintiff files a copy of them redacted in

---

[1] Plaintiff has not served the United States in this case.  This letter is not intended to waive any service defects or to constitute a general appearance in this case by the undersigned counsel.  Rather, the United States files this letter solely to protect sensitive information.

compliance with Rule 5.2. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 631–32 (S.D.N.Y. 2011).

As such, the Court should seal Dkt Nos. 7-5 at 71–72 and 7-6 at 1–2. In the alternative, the Court should order Plaintiff to file redacted versions of these documents. I thank the Court for its consideration of this request.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York

By:   */s/ Zachary Bannon*
      ZACHARY BANNON
      Assistant United States Attorney
      Tel.:    212-637-2728
      E-mail: Zachary.Bannon@usdoj.gov

CC (By Mail):     Ronald A. Bergrin
                     218 West 72nd Street
                     Apt. 3RE
                     New York, NY 10023